# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Siegfried D. White, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Professional Transportation, Inc., ) <br> Ronald D. Romain, and Andre ) <br> Mayfield, ) <br> ) <br> Defendants. ) <br> ) <br> ) | CIVIL ACTION <br> NO. 1:14-cv-00986-AT-ECS |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, Defendants submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's individual Title VII claims against Ronald Romain and Andre Mayfield, individual § 1981 claim against Romain, and Intentional Infliction of Emotional Distress claim.

**1.   STATEMENT OF FACTS**

Plaintiff Siegfried D. White alleges in his Complaint, filed on April 3, 2014, various claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 USC § 1981 ("§ 1981"), and intentional tort claim for Intentional Infliction of

Emotional Distress ("IIED") under Georgia law. (Compl. ¶ 1). Plaintiff, employed as a driver at Professional Transportation, Inc. ("PTI"), is an African-American male. (Compl. ¶ 4).

Plaintiff claims that a former supervisor, Juanita Brahim, on one occasion screamed at him and used profanity and a racial slur. (Compl. ¶ 13). Plaintiff claims that he then reported this incident to the regional manager and a director of operations, Mike Morin. (Compl. ¶¶ 22, 24). Three days later, Morin traveled to Atlanta to investigate the incident and discharged Brahim the next day. (Compl. ¶¶ 25, 26). Following this incident, White claims that he was subjected to disparate treatment, harassment, and a hostile work environment under Title VII and § 1981 because of his race. (*See* Compl.). Plaintiff also alleges that PTI retaliated against him because he reported Brahmin's conduct to Mayfield and Morin. (Compl. ¶¶ 39–41). Finally, Plaintiff claims that he suffered from IIED because of his alleged less-favorable treatment with regard to this employment. (Compl. ¶¶ 42–50).

In addition to PTI, Plaintiff also attempts to sue two PTI employees in their individual capacity: Ronald D. Romain, the Caucasian Chief Executive Officer of PTI, and Andre Mayfield, an African-American regional manager of PTI. (Compl. ¶¶ 6, 7). Neither of these individuals was named in the EEOC charge Plaintiff filed with the EEOC. (Compl. ¶ 8 and Ex. A.)

## 2. ARGUMENT AND CITATION OF AUTHORITY

A Complaint must assert facts demonstrating a claim for relief that "is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007). A claim is "plausible on its face" when the Complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A reasonable inference only exists when the Complaint includes facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* An inference is not reasonable when a Complaint "pleads facts that are merely consistent with" an allegation that a party acted unlawfully. *Id.*

When viewing a motion to dismiss, courts take a "two-pronged approach" in applying the principles from *Twombly* and *Iqbal*: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 US at 679). Importantly, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest

lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id.* (quoting *Iqbal*, at 1951–52).

   **a. Plaintiff's Title VII Claims of Race Discrimination or Retaliation Against Romain and Mayfield Individually Must be Dismissed with Prejudice Because There Is no Individual Liability Under Title VII.**

In *Busby v. City of Orlando*, the Eleventh Circuit held that "[i]ndividual capacity suits under Title VII are . . . inappropriate" because "the relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Following *Busby*, the Eleventh Circuit and its district court reiterated this holding in various factual scenarios and it is beyond dispute that employees cannot be named as individual defendants in Title VII cases. *See, e.g.*, *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[W]e now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company."); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (holding that individually named defendants "cannot be held liable under . . . Title VII"); *Richey v. City of Lilburn*, 127 F. Supp. 2d 1250, 1256 (N.D. Ga. 1999) ("the naming of the individuals [in Title VII action] is unnecessary, inappropriate, and not authorized

4

by the applicable law"); *Kelley v. Troy State Univ.*, 923 F. Supp. 1494, 1499 (M.D. Ala. 1996) ("A suit . . . brought against an agent of an employer is regarded as a suit against the employer itself."); *Vernon v. Medical Mgmt. Assocs.*, 912 F. Supp. 1549, 1555 (S.D. Fla. 1996) (granting corporate defendant's motion to dismiss Title VII claims asserted against individual defendants); *Smith v. Capitol City Club of Montgomery,* 850 F. Supp. 976, 980 (M.D. Ala. 1994) ("[T]he law in the Eleventh Circuit has been settled that there is no individual liability under Title VII."); *see also Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding that the ADA, like Title VII and the ADEA, does not provide for individual liability).

The most recent Eleventh Circuit case holding that plaintiffs cannot bring Title VII cases against individuals is *Fodor v. D'Isernia,* 506 F. App'x 965 (11th Cir. 2013). In *Fodor*, a *pro se* plaintiff brought a Title VII and ADA claim against Brian D'lsernia, the owner and president of his former employer, along with several other parties. *Id.* at 966. Affirming the district court's dismissal of the plaintiff's claims against D'lsernia, the Eleventh Circuit stated: "We have held that individual employees are not subject to liability under either Title VII or the ADA . . . . Therefore, Fodor cannot state a claim against D'lsernia under either Title VII or the ADA." *Id.* Here, the situation is no different. White cannot state a claim

against either Romain or Mayfield as individual defendants under Title VII, and therefore the Title VII claims against them should be dismissed.[1]

### b. Plaintiff Has Not Stated a Plausible Claim for Individual Liability Against Romain under § 1981.

Plaintiff cannot state a claim for individual liability against Romain because nothing is alleged in the complaint linking him to the alleged discriminatory action. In order for an individual employee to be held liable under § 1981, there must be an "affirmative link" showing that the individual defendant was personally involved in the discriminatory action. *Crawley v. Paskert-Johnson Co.*, No. 807-CV-1789-T-23TGW, 2008 WL 4793650, at *1 (M.D. Fla. Nov. 3, 2008) (dismissing plaintiff's § 1981 claims against individual defendant because allegations that all discriminatory actions were attributable to principal of employer was not enough to state a § 1981 claim against that individual); *Burstein v. Emtel, Inc.*, 137 F. App'x 205, 208 (11th Cir. 2005) (finding the plaintiff's supervisor not individually liable under § 1981 because the supervisor did not

---

[1] In addition, White failed to name both Romain and Mayfield in his EEOC charge. In most cases, a party not named in an EEOC charge cannot be sued in a subsequent Title VII action. *Lewis v. Asplundh Tree Expert Co.*, 402 F. App'x 454, 456 (11th Cir. 2010) (affirming district court's granting of summary judgment in favor of the employer because the plaintiff did not name the defendant in his charge); *Williams v. Lowndes Cnty.*, No. CIVA 7:05CV69 HL, 2006 WL 2443509, at *4 (M.D. Ga. Aug. 21, 2006) (dismissing plaintiff's individual claim against a manager because the manager was not named in the charge).

participate in the employment decision). In addition, case law from the Eleventh Circuit and its district courts require an individually named defendant to have been involved and participated in the actual alleged discriminatory action; not just have been a witness or someone failing to act. *Burstein*, 137 F. App'x at 208; *Crawley*, 2008 WL 4793650, at *1–2 ("[T]he complaint fails to sufficiently allege [the employer's officer's] personal involvement in the alleged discriminatory acts and therefore fails to state a claim against [the officer] under Section 1981."); *Graham v. Mem'l Health Univ. Med. Ctr.*, No. CV411-316, 2013 WL 5444733, at *4 (S.D. Ga. Sept. 30, 2013) (dismissing plaintiff's § 1981 disparate treatment and retaliation claims against two supervisors because a "supervisor who does not participate in the decision to terminate an employee may not be held liable in a § 1981 discriminatory termination action").

For example, in *Crawley*, the plaintiff, like here, stated in his complaint that the chairman of the board of the directors for the defendant was responsible for the alleged discriminatory acts. 2008 WL 4793650, at *1–2. Notably, the court, quoting the Second Circuit, stated that "Negligence in maintaining an anti-discrimination policy fails to establish the requisite 'personal involvement' or 'affirmative link'" necessary to state a claim against an individual defendant. *Id.* at *1 (quoting *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir.

2000)). Ultimately, the court dismissed the plaintiff's § 1981 claim against the individual defendant because the plaintiff failed to show that the chairman was personally involved in the alleged discrimination. *Id.*

In another example, the plaintiff in *Burstein* named an assistant director as an individual defendant in his suit alleging that he was retaliated against under § 1981 because his former employer did not renew his employment contract. 137 F. App'x at 208. The assistant director had a heated argument with the plaintiff, threatened to "write up" the plaintiff, and reported the argument to the department director. *Id.* The Eleventh Circuit held that the assistant director could not be individually liable under § 1981 because reporting the Plaintiff's argument did not constitute "participation" in the employment decision. *Id.*

Thus, to make out a plausible claim of individual liability under § 1981, Plaintiff is required to plead facts indicating that Romain was personally involved in the alleged discriminatory treatment, harassment, and retaliation. Plaintiff failed to do so. The Complaint alleged only that Romain, as the CEO of PTI, was negligent in failing to develop PTI's policies and procedures, to train PTI's employees, in a way that could have prevented what White complains happened to him, and to take "appropriate remedial action once it becomes known that a manager or supervisor is mishandling complaints of racial harassment." (Compl. ¶¶

6, 14–17, 31–33). First, as stated above in *Crawley*, negligence in maintaining an employment policy does not support an individual § 1981 claim. 2008 WL 4793650, at *1. Second, Plaintiff did not allege any facts supporting his conclusion that Romain had knowledge of White's alleged discriminatory treatment or harassment and failed to correct it. In fact, Plaintiff stated in his complaint that his alleged harasser, Brahim, was discharged the day after the incident was investigated (which only occurred three days previously), evidencing that PTI took prompt and appropriate remedial action. (Compl. ¶¶ 24–26).

Finally, while Plaintiff alleged in a legal conclusion that Romain's "conduct was a direct and proximate cause" of White's injuries, Plaintiff did not actually allege any facts affirmatively linking Romain with the purported discrimination. Because legal conclusions are not sufficient to support a claim and the court does have to accept them as true, stating that Romain's conduct caused White's injuries without alleging how Romain was directly involved with the purported injuries does not affirmatively link Romain with the discriminatory action. *See, e.g. Iqbal*, 556 US at 679. Plaintiff failed to allege that Romain was directly involved with his supposed discriminatory treatment, harassment, or retaliation, as required by *Crawley* and *Burstein*. In fact, Plaintiff fails to allege facts indicating that Romain was even aware of the alleged discrimination, harassment, or Plaintiff's alleged

9

protected complaints regarding this alleged misconduct. Accordingly, even if everything Plaintiff alleges is taken as true, Romain was not involved in any way with the incidents discussed in Plaintiff's complaint. Therefore, this court should dismiss the Plaintiff's § 1981 claim against Romain.

### c. Plaintiff Has Not Stated a Plausible Claim for Intentional Infliction of Emotional Distress

Plaintiff failed to plead sufficient facts that, even if taken as true, would support an IIED claim. In order to establish a *prima facie* case of IIED, a plaintiff must prove, and therefore must allege, sufficient facts to establish that: (1) the defendant intentionally or recklessly took some action, (2) that is either outrageous or egregious, and (3) the plaintiff actually suffered severe emotional injury, (4) as a result of the incident. *Jones v. Fayette Family Dental Care, Inc.*, 718 S.E.2d 88 (Ga. Ct. App. 2011); *Bradley v. Dekalb Cnty., Ga.*, No. 1:10-CV-0218-TWT-GGB, 2010 WL 4639240, at *5 (N.D. Ga. May 17, 2010) report and recommendation adopted, 1:10-CV-218-TWT, 2010 WL 4638887 (N.D. Ga. Nov. 4, 2010). "The required standard for intentional infliction of emotional distress is stringent and difficult to establish. . . . This tort is reserved for only the most egregious behavior, which plaintiffs 'bear a heavy burden' in establishing.'" *Bradley*, 2010 WL 4639240, at *5 (quoting *Mears v. Gulfstream Aerospace Corp.*, 484 S.E.2d 659, 664 (Ga. Ct. App. 1997)). "Conduct is 'extreme and outrageous' only when it is

'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Yarborough v. SAS Sys., Inc.*, 419 S.E.2d 507, 509 (Ga. Ct. App. 1992)). "Mere insults, indignities, threats, annoyances, petty oppressions, or the fact the plaintiff was insulted or offended are insufficient. 'The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.'" *Id.* (quoting *Bridges v. Winn-Dixie Atlanta, Inc.*, 335 S.E.2d 445, 448 (Ga. Ct. App. 1985). "Even termination of employment or threats of termination are insufficient to establish a claim for intentional infliction of emotional distress." *Id.*

Plaintiff failed to allege all four elements of an IIED claim under Georgia law. Most importantly, Plaintiff did not allege that any conduct rising to the levels of "extreme and outrageous" took place, other than through an unsupported legal conclusion. (Compl. ¶ 47). The language allegedly used by Brahim, even if taken as true, does not approach the level of extreme or outrageous conduct necessary to state a claim for IIED. Plaintiff claims that on one occasion, Brahim, also an African-American employee, screamed at White and used profanity and a racial slur. (Compl. ¶ 13). White further stated in his Complaint that Morin investigated Brahim's conduct within three days of the incident and Brahim was dismissed the

next day. (Compl. ¶¶ 24–26). Plaintiff did not allege that he was exposed to any inappropriate language or conduct other than this one incident with Brahim. This single incident, even if true, does not approach the high standard required in Georgia for an IIED claim.

For example, in *Grimsley v. Marshalls of MA, Inc.*, 284 F. App'x 604, 611 (11th Cir. 2008), the Eleventh Circuit examined a case with much more extreme facts than those in Plaintiff's allegations. In *Grimsley*, the white plaintiff's white manager used the word "niggers about once a week," frequently used other racial epithets, and regularly forced plaintiff, a supervisor, to do basic tasks not in his job description, such as sweeping rooms the size of "football fields," because, according to plaintiff's manager, "I can't get those lazy niggers to work." *Id.* at 606–07. The plaintiff's manager also "frequently" made fun of the plaintiff's bi-polar disorder during employee meetings, such as telling him to him "'double up' on his 'fucking medication.'" *Id.* at 607. The plaintiff in *Grimsley* resigned because he could not "tolerate [his manager's] treatment any longer." *Id.* Despite the plaintiff's ongoing poor treatment, including being forced to do tasks below his job description, weekly exposure to derogatory language and profanity, and harassment about his bi-polar disorder in front of other employees, the Eleventh Circuit held that while his manager's "alleged conduct was unprofessional and

unacceptable, it does not meet this threshold level of outrageousness." *Id.* at 611. In explaining its decision, the court stated that "Georgia law imposes liability for this tort only for the most extreme forms of conduct, requiring the employer's conduct to have been so outrageous that 'the recitation of the facts to an average member of the community would arouse his resentment against the actor, and leave him to exclaim "Outrageous!"'" *Id.* (quoting *Yarbray v. So. Bell Tel. & Tel. Co.*, 409 S.E.2d 835, 837 (Ga. 1991)).

In addition, simply treating someone "less favorably than others" or changing their job assignment is not extreme or outrageous conduct. (Compl. ¶¶ 44, 46). Plaintiff also stated that Mayfield "violated White's Rights under Title VII" "despite actual and/or constructive knowledge that White had not violated any company policy as stated in the employee handbook." (Compl. ¶¶ 45–46). Even if true, a vague allegation that Plaintiff's "rights" were violated does not constitute extreme or outrageous conduct. As stated above, the Eleventh Circuit held in *Grimsley* that far more egregious conduct did not rise to the necessary level of extreme and outrageous conduct.

Finally, Plaintiff never alleged that he actually suffered any type of injury as a direct result of Defendants' conduct. Once again, Plaintiff's legal conclusion that

he "suffered severe emotional distress" is not at sufficient allegation to substantiate an IIED claim. (Compl. ¶ 49); *Iqbal*, 556 US at 679.

Therefore, Plaintiff's IIED claim should be dismissed with prejudice. At the very least, Romain and Mayfield should be dismissed in their individual capacities because Plaintiff did not allege that they were involved with the Brahim incident in any way other than Mayfield "initially" declining to take disciplinary action against Brahim, who was fired a few days after the incident, a claim which Defendant denies and is negated by the fact that Brahim's conduct was investigated resulting in her discharge the following day (Compl. ¶¶ 22–26).

### 3. Conclusion

Plaintiff simply cannot bring a Title VII claim against an individual defendant. Neither can he state a § 1981 claim against Romain individually. Finally, Plaintiff cannot allege an IIED claim against either of the Defendants. As such, Defendants respectfully request that the Court dismiss Plaintiff's Title VII claims against Romain and Mayfield, § 1981 claim against Romain, and IIED claim as to all defendants with prejudice, and grant other such appropriate relief to Defendants.

Respectfully submitted this 3rd day of July 2014.

        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

        s/C. Garner Sanford, Jr.
        C. Garner Sanford, Jr.
        GA Bar No. 005020
        Email: garner.sanford@ogletreedeakins.com
        Mark Johanson
        Ga Bar No. 146490
        Email: mark.johanson@ogletreedeakins.com
        One Ninety One Peachtree Tower
        191 Peachtree St. NE, Suite 4800
        Atlanta, GA 30303
        Telephone: 404.881.1300
        Fax: 404.870.1732

        Attorneys for Defendants Professional Transportation, Inc., Ronald D. Romain, and Andre Mayfield

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Siegfried D. White,<br><br>    Plaintiff,<br><br>vs.<br><br>Professional Transportation, Inc., Ronald D. Romain, and Andre Mayfield,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   NO. 1:14-cv-00986-AT-ECS<br>)<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

I certify that on July 3, 2014, I electronically filed **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, **as well as sending a copy to Plaintiff via U.S. Mail to the following address:**

Mr. Siegfried D. White<br>
2900 Landrum Drive, SW<br>
Apt. 71<br>
Atlanta, GA 30311

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

 s/C. Garner Sanford, Jr.
C. Garner Sanford, Jr.
GA Bar No. 005020
Email: garner.sanford@ogletreedeakins.com
Mark Johanson
Ga Bar No. 146490
Email: mark.johanson@ogletreedeakins.com
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone: 404.881.1300
Fax: 404.870.1732

Attorneys for Defendants Professional Transportation, Inc., Ronald D. Romain, and Andre Mayfield