# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SIEGFRIED D. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| PROFESSIONAL ) | NO. 1:14-CV-986-AT-ECS |
| TRANSPORTATION, INC.; RONALD ) | |
| D. ROMAIN; AND ANDRE ) | |
| MAYFIELD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER TO COMPLAINT

COME NOW Defendants Professional Transportation, Inc. ("PTI"), Ronald D. Romain ("Romain"), and Andre Mayfield ("Mayfield") (collectively "Defendants"), by and through their undersigned counsel, and hereby file this Answer to Plaintiff's Complaint.

### I. DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendants state the following Defenses:

## FIRST DEFENSE

Some or all of Plaintiff's allegations fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims against Romain and Mayfield are barred on grounds that these individuals are not employers, did not employ Plaintiff, and did not have any other contractual relationship with Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims against Romain are barred on grounds that Romain did not participate in or contribute to any adverse employment action pertaining to Plaintiff.

## FIFTH DEFENSE

Plaintiff's claims under Title VII are barred to the extent that he has failed to satisfy the statutory administrative prerequisites for filing a lawsuit on each such claim and as to each defendant. For example, Plaintiff's Title VII claims against PTI are barred to the extent that they exceed the scope of a timely charge of

discrimination filed with the Equal Employment Opportunity Commission. Furthermore, and any alleged Title VII claims against Mayfield and/or Romain (even if otherwise permitted, which defendants deny) are barred because no EEOC charge was filed and no EEOC proceedings have been exhausted as to them.

## SIXTH DEFENSE

All employment decisions regarding Plaintiff were based on legitimate, non-discriminatory factors, and were not motivated in any way by Plaintiff's race, Plaintiff's alleged protected activity, or any other protected characteristic or status.

## SEVENTH DEFENSE

To the extent that Plaintiff attempts to state a claim for hostile work environment or other harassment based on race, such claim is barred as a matter of law.  For example, Plaintiff has failed to allege any acts of racial harassment severe or pervasive enough to establish a hostile work environment based on race. Furthermore, Plaintiff's employer had in place a clear and well disseminated policy against discriminatory harassment based on race, including an applicable complaint procedure with assurances against retaliation.  To the extent that Plaintiff unreasonably failed to take advantage of this internal complaint procedure or other corrective opportunities provided by his employer, Plaintiff's claims of racial harassment, if any, are barred.  Finally, to the extent that Plaintiff

complained adequately of alleged racial harassment, Plaintiff's employer took prompt and effective remedial action to address such allegations.

### EIGHTH DEFENSE

Even if an impermissible criteria was a motivating factor to any challenged employment decision relating to Plaintiff, which Defendants specifically deny, Plaintiff's employer would have taken the same actions for legitimate, non-discriminatory reasons entirely unrelated to Plaintiff's race, alleged protected activity, or other alleged protected characteristics or status. Some or all of Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, and/or unclean hands.

### NINTH DEFENSE

Any injuries or damages by Plaintiff were caused by his own misconduct or other factors not attributable to Defendants.

### TENTH DEFENSE

To the extent that any Defendants took any action pertaining to Plaintiff, such actions were taken in good faith.

### ELEVENTH DEFENSE

Plaintiff's claim for intentional infliction of emotional distress is barred ("IIED") is barred to the extent that this claim is based on alleged actions occurring

outside the scope of PTI's business and outside the scope of employment of any alleged agent of PTI.

## TWELFTH DEFENSE

Defendants engaged in no extreme acts or omissions that would give rise to the level of outrageousness, recklessness, or severity required to sustain Plaintiff's claim for intentional infliction of emotional distress.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent that there is no causal relation between the alleged acts of an alleged Defendant and the injuries or damages allegedly sustained by Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent he is alleging an injury arising out of and in the course of employment because the Georgia Workers' Compensation Act is the exclusive remedy for any such injuries. Any recovery against Mayfield or Romain for such alleged injuries are also barred by the Georgia Workers' Compensation Act and related fellow servant doctrine.

## FIFTEENTH DEFENSE

Plaintiff's claims for damages are barred to the extent that he failed to comply with his obligation to mitigate any such damages, the existence of which Defendants deny.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to recover compensatory or punitive damages because he has failed to plead with particularity facts supporting such claims.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages to the extent that he is not entitled to recover compensatory damages.

## EIGHTEENTH DEFENSE

Defendants are not liable for punitive damages because, among other things, neither Defendants nor any of their officers, directors, or managing agents committed any knowing, wanton, intentional, recklessly indifferent, or malicious act toward Plaintiff within the scope of the alleged agency with Defendants, and because Defendants did not authorize or ratify any such alleged acts.

## NINTEENTH DEFENSE

Plaintiff's claims for punitive damages, if any, are barred because the imposition of punitive damages for the claims in this action would constitute denial

of due process under the United States Constitution and the Constitution of the State of Georgia.

## TWENTIETH DEFENSE

Plaintiff's state law claim is barred to the extent preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C Section 185, to the extent that it requires interpretation of the applicable collective bargaining agreement, which is within the exclusive purview of the grievance and arbitration provision under such collective bargaining agreement. Furthermore, these contractual remedies have not been timely initiated or exhausted in this case.

## TWENTY-FIRST DEFENSE

Plaintiff's state law claim is barred to the extent it is preempted by the National Labor Relations Act ("NLRA") on grounds that it is based on conduct that, if true, would be an unfair labor practice under the NLRA or would be protected activity under the NLRA. These matters, if any, alleged in support of Plaintiff's state law claim would be within the primary and exclusive jurisdiction of the National Labor Relations Board.

II.   **RESPONSE TO NUMBERED PARAGRAPHS OF COMPLAINT**

1.   Defendants admit that this is an action attempting to state claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and under 42 U.S.C. § 1981

("Section 1981") for alleged racial discrimination pertaining to Plaintiff between the dates of November 2, 2013 and January 24, 2014. Defendants deny all remaining allegations contained in paragraph 1 of the Complaint, and specifically deny that any Defendant took any racial discriminatory or otherwise unlawful action against Plaintiff.

## Jurisdiction and Venue

2. Defendants admit that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Except as expressly admitted, Defendants deny the allegations contained in paragraph 2.

3. Defendants admit that the venue is properly laid in this court for this litigation. Except as expressly admitted, Defendants deny the allegations contained in paragraph 3.

## The Parties

4. Defendants admit that Plaintiff is an African-American adult male. Defendants further admit that Plaintiff was an employee of PTI between the dates referenced above in paragraph 1. Defendants further admit that Plaintiff was employed by PTI as a driver, but deny that his driver duties were limited to "yard driver" duties. Except as expressly admitted, Defendants deny the allegations contained in paragraph 4.

5. Defendants deny that PTI is a corporation organized and existing under the laws of the State of Georgia. Defendants admit that PTI regularly conducts business in the State of Georgia, is licensed to conduct business in the State of Georgia, and maintains its corporate headquarters in Evansville, Indiana. Defendants further admit that PTI employs in excess of 40 employees at its Atlanta branch office and in excess of 500 employees including all locations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 5.

6. Defendants admit that Romain is a white adult male citizen of the United States, and that he resides in Vanderburgh County, Indiana. Defendants further admit that Romain is the owner, President, and CEO of PTI. Except as expressly admitted, Defendants deny the allegations contained in paragraph 6.

7. Defendants admit that Mayfield is an African-American adult male, a citizen of the United States, and that he resides in Fulton County, Georgia.

8. Defendants admit that Plaintiff filed a charge of discrimination (Charge No. 846-2014-09179) with the Equal Employment Opportunity Commission on January 2, 2014. Defendants further admit that Plaintiff received a Dismissal and Notice of Rights pertaining to the above-referenced charge. Except as expressly admitted, Defendants deny the allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9.

10. Defendants admit that in Count I of the Complaint Plaintiff is attempting to state a claim of race discrimination under Title VII. Except as expressly admitted, Defendants deny the allegations contained in paragraph 10.

11. Defendants admit that Plaintiff is a member of a class protected by Title VII against race-based discrimination. Except as expressly admitted, Defendants deny the allegations contained in paragraph 11, and specifically deny that Plaintiff experienced any race-based discrimination during his employment at PTI.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph13.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17, including subparagraphs (a) through (g) thereof.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

**Disparate Treatment**

20. In response to paragraph 20, Defendants incorporate their responses set forth above to paragraphs 9-12 of the Complaint and further incorporate all defenses set forth above.

21. Defendants admit that Plaintiff and Arlanda Smith called Mayfield on November 2, 2013 and reported alleged inappropriate comments made by Juanita Brahim. Except as expressly admitted, Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants admit that Plaintiff and Arlanda Smith called Mike Morin ("Morin"), PTI's Director of Operations on November 2, 2013 and reported alleged inappropriate comments by Juanita Brahim. Except as expressly admitted, Defendants deny the allegations contained in paragraph 24.

25. Defendants admit that after receiving the report from Plaintiff and Arlanda Smith, Morin promptly came to Atlanta and interviewed Plaintiff and others as part of an investigation of the alleged inappropriate comments by Juanita Brahim. Except as expressly admitted, Defendants deny the allegations contained in paragraph 25.

26.     Defendants admit that Juanita Brahim's employment with PTI was terminated and her last day of work was November 3, 2013.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 26.

27.     Defendants deny the allegations contained in paragraph 27.

28.     Defendants deny the allegations contained in paragraph 28.

29.     Defendants deny the allegations contained in paragraph 29.

30.     Defendants deny the allegations contained in paragraph 30.

31.     Defendants deny the allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32.

33.     Defendants deny the allegations contained in paragraph 33, including subparagraphs (a) through (e).

34.     Defendants deny the allegations contained in paragraph 34, including subparagraphs (a) through (c).

35.     Defendants deny the allegations contained in paragraph 35.

36.     Defendants deny the allegations contained in paragraph 36.

**Hostile Work Environment**

37.     In response to paragraph 37, Defendants incorporate their responses set forth above to paragraphs 9-34 of the Complaint and further incorporates all defenses set forth above.

38. Defendants deny the allegations contained in paragraph 38.

**Count IV-Retaliation**

39. In response to paragraph 39, Defendants incorporate their responses set forth above to paragraphs 9-34 of the Complaint and further incorporates all defenses set forth above.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41, including subparagraphs (a) through (f) thereof.

**Count V-Intentional Infliction of Emotional Distress**

42. In response to paragraph 42, Defendants incorporate their responses set forth above to paragraphs 9-39 of the Complaint and further incorporates all defenses set forth above.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

48. There is no Paragraph 48 in the Complaint received by defendants. To the extent there is a Paragraph 48, it is denied.

49. Defendants deny the allegations contained in paragraph 49.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny that Plaintiff is entitled to any relief requested in paragraph 51 of the Complaint, including subparagraphs (a) through (h) thereof.

52. Defendants deny all allegations set for the in the Complaint that are not hereinabove expressly admitted.

### III.  DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that the Court deny all relief requested by Plaintiff, that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be awarded in favor of Defendants in this action, and that the Court grant to the Defendants such other and further relief as it deems just and proper.

Respectfully submitted this 3rd day of July, 2014.

<u>s/C. Garner Sanford, Jr.</u>
C. Garner Sanford, Jr.
GA Bar No.:  005020
Email: garner.sanford@ogletreedeakins.com
Mark Johanson
GA  Bar No.:  146190
Email: mark.johanson@ogletreedeakins.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA  30303
Telephone:  404.881.1300
Fax:  404.870.1732

Attorneys for Defendants Professional Transportation, Inc., Ronald D. Romain, and Andre Mayfield

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SIEGFRIED D. WHITE,<br><br>   Plaintiff,<br><br>v.<br><br>PROFESSIONAL TRANSPORTATION, INC.; RONALD D. ROMAIN; AND ANDRE MAYFIELD,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO. 1:14-CV-986-AT-ECS<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I certify that on July 3, 2014, I electronically filed **ANSWER TO COMPLAINT** with the Clerk of Court using the CM/ECF system, **as well as sending a copy to Plaintiff via U.S. Mail to the following address:**

Siegfried D. White
2900 Landrum Drive SW
Apt. 71
Atlanta, Georgia  30311

16

<u>s/C. Garner Sanford, Jr.</u>
C. Garner Sanford, Jr.
GA Bar No.:  005020
Email: garner.sanford@ogletreedeakins.com
Mark Johanson
GA  Bar No.:  146190
Email: mark.johanson@ogletreedeakins.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA  30303
Telephone:  404.881.1300
Fax:  404.870.1732

Attorneys for Defendants Professional Transportation, Inc., Ronald D. Romain, and Andre Mayfield

18230629.1